UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM E. WARNER AND W.B.I.,
PRIVATE DETECTIVE AGENCY,

Plaintiff,

v.                                                          Case No. 8:05-CV-2234-T-27MSS

STATE OF FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER SERVICES,
DIVISION OF LICENSING,

Defendant.
_____/

ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss (Dkt. 5) and Plaintiff's

Response (Dkt. 8). Upon consideration, Defendant's motion is **GRANTED**.

Plaintiff, William E. Warner ("Warner"), brought this action against Defendant, State of

Florida, Department of Agriculture and Consumer Services, Division of Licensing ("Department"),

alleging violations of Rule 28-106.106 of the Florida Administrative Code and his due process and

equal protection rights pursuant to the Florida and United States Constitutions. (Dkt. 1). Defendant

moves to dismiss the Complaint on grounds that this Court lacks subject matter jurisdiction pursuant

to the *Rooker-Feldman* and federal question doctrines. (Dkt. 5).

### Applicable Standards

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957) *(citations omitted)*. The court will accept as true all well-pleaded factual

1

allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County. Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

A corollary to Rule 12 is Rule 8, Fed. R. Civ. P., which requires that a plaintiff provide a short and plain statement of the claim showing that he or she is entitled to relief. The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. If the complaint is "too general," it will not provide fair notice to the defendant of the claims plaintiff alleges. *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir. 1993). However, in ruling on motion to dismiss for failure to state claim, "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### Discussion

The *Rooker-Feldman* doctrine provides that federal courts, except the United States Supreme Court, lack subject matter jurisdiction to sit in appellate review of state court decisions. *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine provides that "a party losing in state

2

court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on a losing party's claim that the state judgment violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The doctrine bars review of both issues presented to and adjudicated by the state court and issues "inextricably intertwined" with a state court's judgment. *Goodman*, 259 F.3d at 1332.

In his Complaint, Plaintiff alleges that Defendant violated his due process and equal protection rights as part of state licensing and court proceedings. (Dkt. 1). In asserting these claims, Plaintiff repeatedly indicates that he seeks appellate review of the state proceedings, including the final judgment of the Florida Court of Appeal, Second District.[1] The federal courts "are not a forum for appealing state court decisions." *Goodman*, 259 F.3d at 1332. To the extent Plaintiff's claims seek reconsideration of the state court proceedings and the final judgment of the Florida Court of Appeal, they are barred by the *Rooker-Feldman* doctrine.

Further, Plaintiff's claims related to the licensing proceedings are barred by the *Rooker-Feldman* doctrine, as well. Federal courts have no jurisdiction to hear claims that are "inextricably intertwined" with a state court judgment. *Goodman*, 259 F.3d at 1332. "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* Even affording Plaintiff leniency as a *pro se* party and viewing his allegations in the light most favorable to him, Plaintiff's Complaint merely expresses disagreement with the state court and licensing proceedings and seeks appellate

---

[1] In his Complaint, Plaintiff states that "the attention of this honorable Court is directed to material points of fact and law that were evidently overlooked in the District Court of Appeal State of Florida Second District ...." (Dkt. 1, p. 2). Further, Plaintiff requests that "this Court [] reconsider the District Court of Appeal State of Florida Second District's Per Curiam Affirmed, as filed on August 12, 2005 and the apparent violations of Appellant's 14th Amendment rights." (Dkt. 1, p. 5).

review.[2] As Plaintiff's claims related to the licensing proceedings are "inextricably intertwined" with the state court proceedings and judgment, they are barred by the *Rooker-Feldman* doctrine. Therefore, the Court lacks subject matter jurisdiction to hear this case.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)   Defendant, State of Florida, Department of Agriculture and Consumer Services, Division of Licensing's Motion to Dismiss (Dkt. 5) is **GRANTED**.

2)   Plaintiff's Complaint (Dkt. 1) is **DISMISSED**.

3)   All pending motions are **DENIED** as moot.

4)   The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this ____7th____ day of June, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
*Pro se* Parties
Counsel of Record

---

[2] It appears from Plaintiff's Complaint that he had a reasonable opportunity to raise his due process and equal protection claims in state court. *See Amos*, 347 F.3d 1249 at n.11. Moreover, to the extent Plaintiff's claim of a code violation is based on the licensing proceedings and Florida's administrative code, that claim is based on state law and does not invoke a federal question. *See Wofford v. Glynn Brunswick Mem. Hosp.*, 864 F.2d 117, 118 (11th Cir. 1989).